IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROCHELLE THIBODEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES the Plaintiff**, ROCHELLE THIBODEAUX**, through her

undersigned counsel of record, and files this Complaint for Damages and

Equitable Relief against Defendant, CITY OF ATLANTA, GEORGIA

(hereinafter, referred to as "Defendant" or the"City") on the following grounds:

## **JURISDICTION AND VENUE**

### **1.**

This action is brought by the Plaintiff for damages against Defendant

pursuant to 42 U.S.C. § 1983 and Fourteenth Amendment to the U.S. Constitution;

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e <u>et</u> <u>seq</u>.,

as amended; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; and the Consolidated Omnibus Budget Reconciliation Act (COBRA) .  Plaintiff also asserts claims based on the laws of the State of Georgia.

**2.**

Plaintiff invokes this honorable Court's federal question jurisdiction allowing this action to be brought in any judicial district in the state in which the unlawful employment practice was committed, and 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks money damages, declaratory and injunctive relief, expenses of litigation, including reasonable attorney fees and costs, statutory penalties, and punitive damages.

**3.**

Venue is proper in this Court as the facts giving rise to Plaintiff's claims occurred within the area encompassed by the  United States District Court for the Northern District of Georgia, and in particular, the Atlanta Division of said Court pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

**4.**

Plaintiff is a citizen of the United States of America. During all times relevant to this action, Plaintiff resided in Fulton County, State of Georgia. Plaintiff submits herself  to thejurisdiction of the United States District Court for

the Northern District of Georgia for any and all purposes related to or arising from the action within.

**5.**

Defendant is a municipal corporation organized and existing under the laws of State of Georgia with the capacity to sue and be sued; and therefore, subject to personal jurisdiction in Georgia.

**6.**

Defendant may be properly served with process by delivering a copy of the summons and complaint to Mayor Keisha Lance Bottoms at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, SW, Atlanta, Georgia 30303.

**7.**

During all times relevant to this action, Plaintiff was employed with Defendant and worked in the City's Public Works Department.

**8.**

During all times relevant to this action, Defendant met the jurisdictional prerequisites for a claim under Title VII.

**9.**

During the relevant time period, Defendant was an "employer" as defined by Section 701(b) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(b)) and is thus, covered by, and subject to, the provisions of Title

VII, 42 U.S.C. § 2000e et seq., as amended.

**10.**

Defendant, including its supervising personnel, officials,agents, officers, and employees were responsible for all acts complained of herein.

## NATURE OF THE ACTION

**11.**

This action arises out of events during Plaintiff's terms and conditions of employment with Defendant. Therefore, this action seeks declaratory and injunctive relief, nominal, compensatory, punitive, and liquidated damages, backpay with interest and front pay, if applicable, based upon the Defendant's intentional discriminatory conduct, retaliation, and other unlawful employment practices under 42 U.S.C. § 1983 and Fourteenth Amendment to the U.S. Constitution; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; and the Consolidated Omnibus Budget Reconciliation Act (COBRA) . Additionally Plaintiff asserts various state law claims.

## FACTUAL ALLEGATIONS

**12.**

At all times relevant hereto, Plaintiff was employed full-time with Defendant.  Defendant terminated Plaintiff's employment sometime in 2021, with

the actual date of termination being  disputed by the parties.

**13.**

During the relevant time period of Plaintiff's complaint, Plaintiff worked in Defendant's Public Works Department at 1150 North Avenue, Atlanta, Georgia.

**14.**

In or around August 5, 2019, Plaintiff was being trained for the supervisor position by Jeffrey Allen.

**15.**

While working at 2849 Perry Boulevard NE, Atlanta, Georgia, Jeffrey Allen groped Plaintiff's breast and touched Plaintiff's buttock. While in a work vehicle and at a second job location, Jeffrey Allen touched Plaintiff's face in a suggestive manner.

**16.**

Upon Plaintiff's return to 1150 North Avenue, Plaintiff immediately spoke with Area Supervisor Derrick Boddie.  Plaintiff explained to Derrick Boddie what happened.  Derrick Boddie called Allen Smith, Plant Manager.

**17.**

While Plaintiff was waiting for Allen Smith, Jeffrey Allen came over to where Plaintiff was sitting and touched her nose.

**18.**

Once Allen Smith arrived, Plaintiff informed him of what Jeffrey

Allen did to her.

**19.**

Defendant did not take the appropriate corrective action to timely

investigate or properly address Plaintiff's complaints.  Rather, Plaintiff suffered

retaliation because she had reported Jeffrey Allen's actions.

**20.**

On August 13, 2019, Defendant placed Plaintiff on Administrative Leave

with Pay while her complaints were investigated.

**21.**

On August 30, 2019, Defendant closed the investigation stating that

Plaintiff's complaint could not be substantiated.

**22.**

After Plaintiff returned to work, she was subject to constant retaliation and

harassment.

**23.**

Around the beginning of November, 2019, Plaintiff was out working when

she was called back in and sent home.  Someone had reported that Plaintiff was

shooting a gun while she was out working.

**24.**

Plaintiff was never informed who allegedly saw her or where she was allegedly shooting a gun. This allegation was totally false, and a subsequent investigation proved it to be false.  Whoever made the false report did it with the intent of making my client resign her position.

**25.**

After returning from leave caused by the investigation into the false gun claim, Plaintiff was subjected to additional harassment, retaliation, defamation of character and bullying.  Several of my client's coworkers spread rumors that Plaintiff  was sleeping with one coworker's boyfriend, that Plaintiff was doing drugs with the boyfriend, that Plaintiff  has HIV, and that Plaintiff  was a COVID-19 carrier.

**26.**

The purpose of these statements was to make Plaintiff leave her position.

**27.**

Plaintiff  reported these false statements to Plant Manager Allen Smith, Installation Chief Todd Miles, and Concrete Area Supervisor Marquis Phelps, but nothing was done.

**28.**

Later, a coworker accused Plaintiff of forging a doctor's note. Because of this, Human Resources sent some paperwork to Plaintiff's doctor to fill out.

**29.**

Plaintiff has reported this harassment, retaliation, defamation of character and bullying, but no administrative actions have to be taken to remedy her harm despite legal obligations and company policy.

**30.**

In May of 2020, a coworker called Plaintiff "a piece of shit." The coworker asked Plaintiff's supervisor, "You haven't got rid of that piece of shit yet?"

**31.**

Plaintiff met with Installation Chief Todd Miles and Plant Manager Allen Smith about this hostility. During the meeting, he recommended that she move to a different department.

**32.**

Additionally, Plaintiff's medical information has been disclosed to people who did not and do not need to know it.

**33.**

The constant harassment, retaliation, defamation of character and bullying

has taken a severely negative toll on Plaintiff's health.  Plaintiff is under treatment by several doctors due to the stress of dealing with her hostile work environment.

## 34.

Due to Plaintiff's medical condition, she ended up missing a good amount of work.

## 35.

Plaintiff used sick time and vacation time to cover for when she was out of work.

## 36.

On or about August 21, 2020, Plaintiff's counsel sent an *Ante Litem Notice* to the City of Atlanta pursuant to O.C.G.A. §36-33-5(b) regarding Plaintiff's claims of sexual harassment against Jeffrey Allen and the City's failure to properly investigate Plaintiff's complaints or prevent further harassment.

## 27.

Sometime in 2021, Defendant terminated Plaintiff's employment.

## 28.

Plaintiff was not provided with any written notices that Defendant was considering terminating her.  Plaintiff was given no opportunity to respond.

## 29.

Plaintiff was never provided any written notice that Defendant had actually terminated her.  This is why the actual date of termination is unknown.

**30.**

Plaintiff was never provided any notices required by COBRA so that she could continue on her health insurance.  As a result, Plaintiff has lost her health insurance.

**31.**

The actions of Defendant's agents were in retaliation for Plaintiff having reported the sexual assault and battery committed against her by Jeffrey Allen.

**32.**

During the time of her employment with Defendant, Plaintiff constantly feared further harassment, retaliation, and intimidation by Defendant's management and supervisory officials, including the loss of her job.

**33.**

On or about October 9, 2020, Plaintiff filed a formal charge of discrimination (hereinafter, "EEOC Charge") against Defendant for sexual harassment, sex discrimination, hostile work environment, and retaliation in

violation of Title VII.   A true and accurate copy of the EEOC Charge is attached hereto as Exhibit "A," which is made a part hereof by reference.

**34.**

On or about April 8, 2021, the U.S. Department of Justice (DOJ) issued Plaintiff a Notice of Right-to-Sue (hereinafter "Right to Sue") notifying Plaintiff of her rights to file a lawsuit against Defendant *within 90 days of receipt* of the Notice. A true and accurate copy of the Right- to-Sue Notice is attached hereto as Exhibit "B," which is made a part hereof by reference.

## **COUNT I – DISCRIMINTION**

### **42 U.S.C. § 1983 and Fourteenth Amendment to the U.S. Constitution And Title VII of the Civil Rights Act of 1964**

**35.**

Plaintiff incorporates by reference paragraphs 1 through 34.

**36.**

Plaintiff is female, which is a protected class under Title VII and the Fourteenth Amendment.

**37.**

Plaintiff repeatedly complained to Defendant's Department of Human Resources and supervisory personnel that she was being subjected to sexual assault and sexual harassment by her male co-workers and supervisors.

**38.**

Defendant failed to take the appropriate corrective action to address

Plaintiff's complaint or prevent any further harassment.

**39.**

Defendant allowed the charged officials to discriminate against

Plaintiff based on her sex regarding the terms and conditions of Plaintiff's

employment with respect to job assignments, pay raises, and promotions.

**40.**

Plaintiff suffered numerous adverse employment actions as result of

Defendant's discriminatory behavior.

**41.**

Similarly-situated employees outside of Plaintiff's protected

class were not treated the same by Defendant.

**42.**

Defendant's intentional acts of discrimination against Plaintiff

proximately and legally caused Plaintiff to suffer harm and damages, including,

but not limited to, tangible employment action(s).

**43.**

As a result of the Defendant's discriminatory behavior, Plaintiff is

entitled to an award for future pecuniary losses,emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-

pecuniary damages.

**44.**

Defendant's agents were acting under color of state law and violated Plainitiff's Constitutional rights.

**45.**

Defendant is responsible for the actions of its agents, who were acting under the color of state law, because they were acting in accordance with an official custom or policy of Defendant.  Sexual harassment of and retaliation against women is rampant in Defendant's Public Works Department, with the supervisors covering up for the harassers and punishing the victims.

## COUNT II – HOSTILE WORK ENVIRONMENT

### 42 U.S.C. § 1983 and Fourteenth Amendment to the U.S. Constitution And Title VII of the Civil Rights Act of 1964

**46.**

Plaintiff incorporates herein by reference paragraphs through 45 of this Complaint.

**47.**

Defendant's employees subjected Plaintiff to sexual assault and battery and unwelcome harassment regarding the terms and conditions (e.g. work assignments) of her employment.

**48.**

Defendant, through its supervisory agents, unfairly scrutinized Plaintiff's behavior, falsely reported that Plaintiff had committed infractions, slandered Plaintiff, covered up the sexual assault and battery committed against Plaintiff, subjected Plaintiff to hazardous  working conditions, and made it more difficult for Plaintiff to perform her job duties, which negatively affected Plaintiff's health resulting in Plaintiff taking time off from work to seek medical treatment. Defendant also wrongfully terminated Plaintiff.

**49.**

Plaintiff's supervisors engaged in demeaning and hostile conduct towards Plaintiff during the course of her employment with Defendant.

**50.**

Similarly-situated individuals who had not engaged in protected activity were not treated the same by Defendant.

**51.**

Defendant's harassing behavior towards Plaintiff was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and created a discriminatory and abusive working environment.

**52.**

Plaintiff complained to Defendant, as well as Human Resources, about the hostile work environment, but Plaintiff's complaints were ignored.

**53.**

Defendant failed to take the appropriate corrective action to properly investigate Plaintiff's complaints of a hostile work environment as required by Title VII and 42 USC 1983.

**54.**

As a result of Defendant's unlawful actions, Plaintiff is entitled to monetary and non-monetary damages for severe emotional distress, mental anguish, humiliation, and her economic losses.

**55.**

Defendant's agents were acting under color of state law and violated Plainitiff's Constitutional rights.

**56.**

Defendant is responsible for the actions of its agents, who were acting under the color of state law, because they were acting in accordance with an official custom or policy of Defendant.  Sexual harassment of and retaliation against women is rampant in Defendant's Public Works Department, with the supervisors covering up for the harassers and punishing the victims.

## **COUNT III – RETALIATION**

### **42 U.S.C. § 1983 and Fourteenth Amendment to the U.S. Constitution And Title VII of the Civil Rights Act of 1964**

**57.**

Plaintiff incorporates herein by reference paragraphs 1through 56 of this Complaint.

**58.**

Plaintiff engaged in EEO activity protected under Title VII by complaining to Human Resources about discrimination, harassment, and retaliation.

**59.**

Plaintiff continued to perform her job duties over the following years, but Plaintiff endured constant harassment and retaliation by her supervisors and co-workers.

**60.**

After Plaintiff complained to Defendant's Department of Human Resources and other supervisory personnel, Plaintiff suffered tangible adverse employment actions, including being denied backpay, raises, and promotional opportunities and being terminated without any notice and opportunity to be heard.

**61.**

Defendant's unlawful actions, by and through their employees, constitute retaliation in violation of Title VII and 42 USC 1983.

**62.**

Accordingly, Plaintiff is entitled to an award for future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other

non-pecuniary damages for the Defendant's intentional acts of discrimination and retaliation.

**63.**

Defendant's agents were acting under color of state law and violated Plainitiff's Constitutional rights.

**64.**

Defendant is responsible for the actions of its agents, who were acting under the color of state law, because they were acting in accordance with an official custom or policy of Defendant.  Sexual harassment of and retaliation against women is rampant in Defendant's Public Works Department, with the supervisors covering up for the harassers and punishing the victims.

## **COUNT IV -  VIOLATION OF FLSA**

**65.**

Plaintiff incorporates herein by reference paragraphs 1through 64 of this Complaint.

**66.**

Defendant is subject to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

**67.**

Defendant made numerous record keeping errors regarding the hours Plaintiff worked, her working out of class, and vacation and sick time.

**68.**

Defendant's poor record keeping cost the Plaintiff a substantial amount of money over the course of her employment.

**69.**

Defendant's agent purposefully shorted Plaintiff's pay as retaliation for Plaintiff's reports of sexual harassment.

**70.**

Plaintiff was a non-exempt employee under the FLSA.

**71.**

Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum and/or overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT V – FAILURE TO PROVIDE COBRA NOTICE

**72.**

Plaintiff incorporates herein by reference paragraphs 1 through 71 of this Complaint.

**73.**

Defendant terminated Plaintiff without providing any COBRA notice, causing Plaintiff to lose her health insurance.

**74.**

A failure to provide timely COBRA coverage notification is

actionable under Section 502 of ERISA, 29 U.S.C. § 1132.

**75.**

As a result of Defendant's failure to provide notice, Plaintiff is

entitled to actual damages plus an award of up to $110- per-day, reflecting

the period of the delay in providing the required notice. 29 U.S.C. §

1132(c)(1); 29 C.F.R. § 2575.502c-1.

## COUNT VI – NEGLIGENT HIRING AND RETENTION

**76.**

Plaintiff incorporates herein by reference paragraphs 1 through 75 of

this Complaint.

**77.**

Defendant was negligent in hiring and retaining Jeffrey Allen, who it

knew or should have known was likely to sexually assault women.

**78.**

Defendant was negligent in retaining Jeffrey Allen after learning that

he did sexually assault and sexually batter Plaintiff.

**79.**

Defendant was negligent in hiring and retaining managers and

supervisors who covered up sexual assaults of women and retaliated against

women who reported sexual assault or harassment.

**80.**

As a result of Defendant's actions, Plaintiff has suffered special damages including reasonable medical bills and general damages in an amount to be set by the jury.

**81.**

Defendant has acted in bad faith in dealing with Plaintiff, thereby authorizing an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**82.**

Further, Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, authorizing the award of punitive damages. O.C.G.A. § 51-12-5.1.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**83.**

Plaintiff incorporates herein by reference paragraphs 1 through 82 of this Complaint.

**84.**

Defendant's actions as set out in the Complaint constitute extreme and

outrageous conduct directed at Plaintiff.

**85.**

Defendant actions constitute the tort of intentional infliction of emotional distress.

**86.**

As a result of Defendant's actions, Plaintiff has suffered special damages including reasonable medical bills and general damages in an amount to be set by the jury.

**87.**

Defendant has acted in bad faith in dealing with Plaintiff, thereby authorizing an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**88.**

Further, Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, authorizing the award of punitive damages. O.C.G.A. § 51-12-5.1.

**WHEREFORE**, as a result of the violations by the Defendant, Plaintiff respectfully requests the following relief:

A.   Judgment be entered against the Defendant;

B.   Grant a trial by jury;

C.   Award general, compensatory, liquidated, and actual

damages

D.   Award all other damages allowed by law;

E.   Declare the Defendant's conduct complained of herein to

be in violation of the Plaintiff'srights as secured by Title

VII;

F.   Permanently enjoin the Defendant from discriminating and

retaliating against Plaintiff and all all other employees who

have complained of conduct that may have violated Title VII,

as prohibited by Title VII;

G.   Order Defendant to compensate, reimburse, and make Plaintiff

whole for all the benefits she would have received but for

Defendant's illegal actions, including, but not limited to, back

pay,front pay, medical expenses, other employment benefits,

promotions, bonuses, seniority, and interest;

H.   Expunge any adverse employment actions from

Plaintiff's personnel records as a result of Defendant's

unlawful conduct;

I.   Award expenses of litigation, including reasonable attorneys'

fees, reasonable expert witness fees,and other costs of litigation; and

J.    Award punitive damages as provided by law;

K.    Award Plaintiff compensation for unpaid minimum and/or overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

L.    Award actual damages plus an award of up to $110- per-day, reflecting the period of the delay in providing the required COBRA notice.

M.    Grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted:

/s/ Kennon Peebles, Jr.
_____

Kennon Peebles, Jr.
Attorney for Plaintiff
Georgia Bar No.: 570151

3296 Summit Ridge Pkwy
Suite 1720
Duluth, Georgia 30096
Tel. 470-395-4427
Fax 678-261-0904
Email: kennon@peebleslaw.net

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing **COMPLAINT FOR DAMAGES** has been prepared in Times New Roman 14 point in compliance with LR 5.1B.

This the 1 day of July, 2021.

/s/ Kennon Peebles, Jr.
_____
Kennon Peebles, Jr.
Attorney for Plaintiff
Georgia Bar No.: 570151

3296 Summit Ridge Pkwy
Suite 1720
Duluth, Georgia 30096
Tel. 470-395-4427
Fax 678-261-0904
Email: kennon@peebleslaw.net

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2020-07527 |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Rochelle Thibodeaux | 404-441-7454 | 1/14/1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3450 Roxboro Road | Atlanta, GA 30326 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| City of Atlanta | 15+ | 404-614-6544 |

| Street Address | City, State and ZIP Code |
|---|---|
| 226 Peachtree St., SW | Atlanta, GA 30303 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| EEOC ATDO RECEIVED 10/27/2020 | 15+ | |

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  8/5/2019   Latest  05/01/2020

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On August 5, 2019, I was sexually assaulted by Jeffrey Allen, an employee designated to provide me supervisor training.  I was groped on the job site by Mr. Allen.  I reported this to my Area Supervisor, Derrick Boddie, and the Plant Manager, Allen Smith, on that day.  Despite these reports, management failed to take any remedial action and Mr. Allen was never disciplined.  Instead, I started being subjected to constant harassment, retaliation, defamation of character, and bullying, to wit:

Around the beginning of November, 2019, I was out working when I was called back in and sent home. Someone had reported that I was shooting a gun while I out working.  I was never informed who allegedly saw me or where I was allegedly shooting a gun. This allegation was totally false, and a subsequent investigation proved it to be false.  I feels that whoever made the false report did it with the intent of making me resign  my position.

After returning from leave caused by the investigation into the false gun claim, I was subjected to additional harassment, retaliation, defamation of character and bullying.  Several of my coworkers spread rumors that I was sleeping with one coworker's boyfriend, that I was doing drugs with the boyfriend, that I have HIV, and that I was a COVID-19 carrier. I feel that the purpose in spreading these false statements was to make me leave my position.  I reported these false statements to Plant Manager Allen Smith, Installation Chief Todd Miles, and Concrete Area Supervisor Marquis Phelps, but nothing was done.

Later, a coworker accused me of forging a doctor's note.  Because of this, Human Resources sent some paperwork to my doctor to fill out.  This is just another example of the constant retaliation and harassment that I have endured.  I have reported this harassment, retaliation, defamation of character and bullying, but no administrative actions have been taken to remedy the harm despite legal obligations and company policy.

In May of 2020, a coworker called me "a piece of shit." The coworker asked my supervisor, "You haven't got rid of that piece of shit yet?" I met with Installation Chief Todd Miles and Plant Manager Allen Smith about this hostility, and during the meeting, he recommended that I move to a different department. I feel that instead of punishing me, the City should take steps to remedy these harms.

The constant harassment, retaliation, defamation of character and bullying has taken a severely negative toll on my health. I am under treatment by several doctors due to the stress of dealing with this hostile work environment. Additionally, my medical information has been disclosed to people who did not and do not need to know it.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10/9/20<br>_____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

April 08, 2021

Ms. Rochelle Thibodeaux
c/o Kennon Peebles, Jr., Esquire
Law Office of Kennon Peebles, Jr.
3296 Summit Ridge Pkwy.
Suite 1720
Duluth, GA  30096

Re:  EEOC Charge Against City of Atlanta
       No. 410202007527

Dear Ms. Thibodeaux:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Atlanta District Office, Atlanta, GA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                Sincerely,


                                Pamela S. Karlan
                                Principal Deputy Assistant Attorney General
                                    Civil Rights Division


                        by       /s/ Karen L. Ferguson
                                Karen L. Ferguson
                                Supervisory Civil Rights Analyst
                                Employment Litigation Section


cc: Atlanta District Office, EEOC
   City of Atlanta